UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                                    Case No. 16-12205-WRS
                                                         Chapter 13
JEFFREY L. OCHAB,

    Debtor

## MEMORANDUM OPINION

These Chapter 13 cases concern the question of whether a debtor is required by an underlying agreement and applicable nonbankruptcy law to pay postpetition mortgage fees and expenses, filed pursuant to Fed. R. Bankr. P. 3002.1, to a creditor holding a note and mortgage on debtor's primary residence as provided in 11 U.S.C. § 1322(b)(5). The debtors in the following cases each filed a motion to determine the extent to which postpetition fees and expenses claimed by creditors pursuant to Rule 3002.1 must be paid. As required under § 1322(b)(5), the debtors' chapter 13 plans provides for maintenance of the current mortgage payments as well as payment of all arrears to cure default over the life of the plan. Subsequent to filing proof of claims on debtors' primary residences, each creditor filed a Notice of Postpetition Fees, Expenses, and Charges as permitted under Rule 3002.1(c) for fees and expenses incurred within 180 days before service of the notice on the debtors. In response, the debtors filed motions to determine fees, pursuant to Rule 3002.1(e), arguing that this Court should disallow the postpetition fees and expenses.

For clarity, the first section of this Memorandum Opinion will address the facts of each chapter 13 case individually—*In re England*, Case Number 17-10197 and *In re Ochab*, Case Number 16-12205. Next, the Court will discuss the general principles of law applicable to the

issue before the Court, which will then be applied to each case. Lastly, the Court will conclude with a ruling on the Motions for Determination of Fees, Expenses, or Charges. (17-10197, Doc. 28; 16-12205, Doc. 76).

## I. FACTS

### A. In re England (17-10197)

Debtors, Talmadge Reace England and Elain B. England, filed a petition under Chapter 13 of the Bankruptcy Code on January 26, 2017. Lakeview Loan Servicing LLC holds a mortgage on Debtors' primary residence. Prior to the date of the petition, Debtors appeared current on their mortgage. (Claim 4-1, p. 4). Subsequent to filing a proof of claim, Lakeview filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges using Official Form 410S2, which is submitted as a supplement to the proof of claim. The Notice states that Debtors incurred two postpetition fees: (1) on February 28, 2017, $300 in fees described as "Bankruptcy/Proof of claim fees" and (2) on February 15, 2017, a $350 fee for "Plan Review." (Supplement to Claim 4-1). The Notice does not provide any further detail describing the fees requested.

On December 4, 2017, Debtors filed a Motion for Determination of Fees, Expenses, or Charges Pursuant to Rule 3002.1(e). (Doc. 28). The motion argues that the mere filing of a Rule 3002.1 Notice does not constitute prima facie evidence supporting the validity of the charges and, without evidentiary support, Lakeview is not entitled to payment. Debtors further argue that the underlying agreement—the mortgage—does not provide for the assessment of such charges in bankruptcy. Lastly, Debtors argue that, even if the fees, expenses, and charges are for services actually provided, the amounts are unreasonable. Lakeview's response, filed on December 27,

2

Case 16-12205    Doc 90    Filed 03/30/18    Entered 03/30/18 14:09:57    Desc Main
Document      Page 2 of 13

2017, argues that, under Rule 3002.1(c): (1) the creditor is not required to provide evidentiary support; (2) the fees charged for its services in filing a proof of claim and reviewing the Debtors' Chapter 13 plan are reasonable; and (3) Lakeview is entitled to the amounts requested pursuant to the underlying agreement. (Doc. 29). Notably, the mortgage held by Lakeview provides that, if Lakeview invokes the power of sale in a foreclosure proceeding, "[l]ender shall be entitled to collect all expenses incurred . . . , including, but not limited to, reasonable attorneys' fees and costs of title evidence. (Claim 4-1, Mortgage section 18).

### B. In re Ochab (16-12205)

Debtor Jeffrey L. Ochab filed a petition in bankruptcy under Chapter 13 on November 21, 2016. Freedom Mortgage Corporation, mortgagee to Debtor's primary residence, filed a Notice of Postpetition Mortgage Fees, Expenses, and Charges on March 14, 2017, detailing the following charges incurred on Debtor's mortgage account: (1) on December 7, 2015, a fee of $400 for "Attorney Fees" and (2) on February 28, 2017, $500 in fees described as "Bankruptcy/Proof of claim fees." (Supplement to Claim 10-1). No further detail is provided regarding the fees.

On December 8, 2017, Debtor filed a Motion for Determination of Fees, Expenses, or Charges pursuant to Rule 3002.1(e). (Doc. 76). In *Ochab*, the debtor's argument for disallowing the fees is nearly identical to those grounds argued by the debtors in *England*. Likewise, Freedom's arguments for allowing the fees echoes those of Lakeview. The most noteworthy difference between these two cases is that the provision in the mortgage permitting attorneys' fees in *England* appears to be limited to fees incurred during a foreclosure proceeding initiated pursuant to a power of sale clause. In contrast, the mortgage in *Ochab* provides as follows:

3

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument**. If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, the Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorney's fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. . . . Any amounts disbursed by Lender under Section 9 shall become additional debt of Borrower secured by this Security Instrument.

4

(Claim 10-1; Mortgage section 9) (emphasis in original). Where the mortgage in *England* provides for the collection of only attorney's fees incurred during a foreclosure proceeding, the mortgage in *Ochab* permits the recovery of any fees incurred in collecting or attempting to collect on the debt or protecting the lender's interest in the property.

## II. GENERAL PRINCIPLES OF LAW

### A. Jurisdiction

This Court has jurisdiction to hear these matters pursuant to 28 U.S.C. § 1334(b). This is a core proceeding within the meaning of 28 U.S.C. §§ 157(b)(2)(B) and (K). This is a final order.

### B. Determination of Fees, Expenses, and Charges

In accordance with Fed. R. Bankr. P. 3002.1, a creditor of a debtor's primary residence may file a notice to recover postpetition fees, expenses, or charges incurred in connection with a claim provided for under 11 U.S.C. § 1322(b)(5) in the plan. Section 1322(b)(5) permits a debtor to "cure" a default on his home mortgage and "maintain" payments while a case is pending, thereby allowing him to keep his residence. What is required to cure a default "shall be determined in accordance with the underlying agreement and applicable nonbankruptcy law." 11 U.S.C. § 1322(e) (which is applicable notwithstanding §§ 1322(b)(2) (permitting the modification of rights of secured creditors), 1322(b)(5) (permitting a debtor to cure defaults), and 506(b) (governing the rights of oversecured creditors to interest, fees, and expenses).

In order to collect postpetition fees, expenses, or charges incurred in connection with a claim on a debtor's primary residence, a creditor is required to follow certain noticing requirements, which are provided for in Rule 3002.1(c), Fed. R. Bankr. P.:

> The holder of the claim shall file and serve on the debtor, debtor's counsel, and the trustee a notice itemizing all fees, expenses or charges (1) that were incurred in connection with the claim after the bankruptcy case was filed, and (2) that the holder asserts are recoverable against the debtor or against the debtor's principle residence. The notice shall be served within 180 days after the date on which the fees, expenses, or charges are incurred.

In both of the present cases, the fees claimed were incurred in connection with the claim after the filing of the bankruptcy petition. Furthermore, the debtors were served with the Notice of Postpetition Fees, Expenses, and Charges within the 180 day window.

Upon a debtor filing a motion to determine mortgage fees, expenses, and charges pursuant to § 1322(e), the Court must look to the underlying agreement and applicable nonbankruptcy law to determine if the amounts are permissible. The "reasonableness standard" applied under § 506(b) challenges does not apply to postpetition fees, expenses, and charges necessary to cure a default as § 1322(e) explicitly excepts § 506(b) from consideration. Instead, the underlying agreement and applicable nonbankruptcy law are determinative. Fed. R. Bankr. P. 3002.1(e).

6

Both mortgages pertaining to the underlying cases relate to property with a *situs* in Alabama. Additionally, both mortgages contain choice of law provisions naming Alabama state law as the applicable law. It is well-established law in Alabama that the parties to a mortgage may agree to the payment of *reasonable* fees if certain circumstances arise or actions are taken.[1] Therefore, a mortgagee may recover reasonable fees incurred in connection with the enforcement of a mortgage only "where the mortgage contractually imposes a duty on the mortgagor to pay those fees." *Lunceford v. Monumental Life Ins. Co.*, 641 So.2d 244 (Ala. 1994). For example, the mortgage may provide that, should a default in payment occur, the mortgagee may recover from the mortgagor reasonable attorney's fees incurred in collecting or attempting to collect on a debt. *Taylor v. Jones*, 276 So.2d 130 (Ala. 1973); *Beasely v. Ross*, 234 Ala. 335, 337 (1937). Similarly, the mortgage may provide that, if the property is foreclosed under a power of sale provision, a mortgagee may recover attorney's fees incurred during the foreclosure process. *Id.* If a mortgage fails to provide for attorney's fees, then such a charge is not warranted against the mortgagor. *Lytle v. Robertson*, 233 Ala. 161, 163 (1936); *Perry v. Seals*, 186 Ala. 514, 518 (1914). Furthermore, provisions in a mortgage permitting fees must be unambiguous and will only be enforced to the extent so provided for by the language of the mortgage. *Perry*, 186 Ala. at 518; *Bynum v. Frederick*, 81 Ala. 489, 490–91 (1886); *Austin Apparel, Inc. v. Bank of Prattville*, 872 So.2d 158, 166 (Ala. Civ. App. 2003).

---

[1] For more than a century, the Alabama Supreme Court has permitted reasonable fees to be collected by a mortgagee from a mortgagor when the mortgage provides for such fees. *Ex parte Burnham, Klinefelter, Halsey, Jones & Cater, P.C.*, 674 So.2d 1287, 1290 (Ala. 1995); *Beasely v. Ross*, 234 Ala. 335 (1937); *Perry v. Seals*, 186 Ala. 514 (1914); *Lehman, Durr & Co. v. Comer et al.*, 89 Ala. 579 (1890); *Bynum v. Frederick*, 81 Ala. 489 (1886); *Austin Apparel, Inc. v. Bank of Prattville*, 872 So.2d 158, 165 (Ala. Civ. App. 2003).

The reasonableness of fees is determined on a case-by-case basis by the trial court. *Lanier v. Moore-Handley, Inc.*, 575 So.2d 83, 85 (Ala. 1991) (citing *Irons v. Le Sueur*, 487 So.2d 1352 (Ala. 1986); *Mann v. Mann*, 451 So.2d 783 (Ala. 1984); *Peebles v. Miley*, 439 So.2d 137 (Ala. 1983). "Alabama law reads into every agreement allowing for the recovery of attorney's fees a reasonableness limitation." *Willow Lake Residential Ass'n, Inc. v. Juliano*, 80 So.3d 226, 241 (2010). Within Alabama state courts, the factors enumerated in Alabama Rule of Professional Conduct 1.5 must be considered in determining the reasonableness of an attorney's fees. Ala. State Bar, Formal Opinion 1994-07. Likewise, federal courts applying state law to determine the reasonableness of an attorney's fee must look to Rule 1.5 of the Alabama Rules of Professional Conduct. Rule 1.5 provides, in part, as follows:

> (a) A lawyer shall not enter into an agreement for, or charge, or collect a clearly excessive fee. In determining whether a fee is excessive the factors to be considered are the following:
>> (1) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;
>> (2) The likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;
>> (3) The fee customarily charged in the locality for similar legal services;

8

(4) The amount involved and the results obtained;

(5) The time limitations imposed by the client or by the circumstances;

(6) The nature and length of the professional relationship with the client;

(7) The experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) Whether the fee is fixed or contingent; and

(9) Whether there is a written fee agreement signed by the client.

The factors identified in Rule 1.5 are nearly identical to the factors promulgated by the Alabama Supreme Court in the landmark case of *Peebles v. Miley*, 439 So.2d 137 (Ala. 1983), with one exception—factor 9—that is inapplicable here. The factors listed in Rule 1.5 are essentially the same as the factors announced in the case of *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974), which is favorably applied by courts within the Eleventh Circuit in determining the reasonableness of attorneys' fees. *Bivens v. Wrap It Up, Inc. v. Nature's Way Café Franchising, LLC*, 548 F.3d 1348, 1351–52 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974). While it is clear that a portion of the fees listed in the *England* and *Ochab* Notices are for attorneys' fees, the Court is left to guess that "Bankruptcy/Proof of Claim Fees" relate to attorneys' fees as well.

### C. The Mortgage in *In re England* Does Not Provide for the Mortgage Fees

A lender is only permitted to collect Mortgage Fees, Expenses, and Charges in bankruptcy if the underlying agreement or applicable nonbankruptcy law so permit. 11 U.S.C. § 1322(a). Looking to the Mortgage in *England*, the only reference to attorney's fees and charges is found in Section 18, which provides:

> **Foreclosure Procedure. If the Lender requires immediate payment in full under paragraph 9 [Grounds for Acceleration of Debt], Lender may invoke the power of sale and any other remedies permitted by applicable law. Lender shall be entitled to collect all expenses incurred in pursuing remedies permitted in this paragraph 18, including, but not limited to, reasonable attorneys' fees and costs of title evidence.**

(Claim 4-1, Mortgage) (emphasis in original).

Section 18 clearly limits the collection of fees to two circumstances: (1) in a foreclosure proceeding initiated under the power of sale or (2) when permitted by applicable law. As stated above, Alabama law only permits the recovery of reasonable fees relating to a mortgage when a provision in the mortgage unambiguously provides for the collection of such fees. Thus, the mortgage pertaining to the Englands' personal residence only permits the recovery of fees incurred during a foreclosure proceeding initiated pursuant to a power of sale clause; however, the fees listed in the Notice of Postpetition Mortgage Fees, Expenses, and Charges were incurred in connection with a bankruptcy, not a foreclosure, proceeding.

10

## D. The Mortgage in *In re Ochab* Provides for the Mortgage Fees; However, the Fees Charged are Unreasonable

Even when a mortgage provides for the collection of fees, expenses, and charges incurred on a debtor's account during a bankruptcy proceeding, the fees, expenses, and charges must be reasonable. Determining whether an attorney's fee provided for in a mortgage is reasonable merely requires this Court to apply those factors promulgated by the Alabama Supreme Court in Rule 1.5 of the Alabama Rules of Professional Conduct, most of which are inapplicable to the cases at hand. In *Ochab*, charging $400 for an attorney to review the Debtor's Chapter 13 plan is unreasonable considering the protections provided to lenders by the antimodification rule, which provides that a debtor's plan may "modify the rights of holders of secured claims, *other than a claim secured only by a security interest in real property that is the debtor's principal residence*." 11 U.S.C. § 1322(b)(2) (emphasis added). While there are limited exceptions to this general rule, it is a relatively simple matter for a secured lender to ensure it is provided for in the debtor's plan. Some courts even go as far as to say that reviewing a debtor's plan is purely ministerial and not necessary to file a proof of claim; thus, an attorney fee for plan review should not be permitted. *In re Madison*, 337 B.R. 99 (Bankr. N.D. Miss. 2006); *In re Palmer*, 366 B.R. 875 (Bankr. N.D. Fla. 2008). Likewise, the act of filing of proof of claim is a relatively simple matter. This process is simplified even further considering this Court provides a means to submit an electronic proof of claim, which is accessible by the public at large. A $500 fee for filing a proof of claim on a debtor's personal residence is excessive and unreasonable, whether or not an attorney prepares the proof of claim. Loan documents and payment history are regularly kept in

11

the ordinary course of business. Filing a proof of claim should merely require transcribing information, which is already available to the lender, to a proof of claim form.

A finding that the fees charged are unreasonable is further justified by the fact that Freedom failed to explain the fees in any detail and failed to provide supporting documentation. It is true that Official Form 410S2, which is used when filing a Notice of Mortgage Fees, Expenses, and Charges, does not invite elaboration regarding the fees. However, once a debtor files a Motion to Determine Fees pursuant to Rule 3002.1(e), the burden shifts to the creditor to substantiate the fees, expenses, and charges stated in the Rule 3002.1 Notice. *In re Lighty*, 513 B.R. 489 (Bankr. D. S.Cal. 2014); *In re Trudelle*, No. 16-60382-EJC, 2017 WL 4411004 (Bankr. S.D. Ga. Sept. 29, 2017); *In re Wolly*, No. 15-31834(1)(13), 2016 WL 3004439 (Bankr. W.D. Ky. May 17, 2016); *In re Hale*, No. CV 14-04337-HB, 2015 WL 1263255 (Bankr. D.S.C. Mar. 16, 2015). Failure to provide an adequate description of the charges in response to a motion determine fees will not suffice.

In *Ochab*, the Rule 3002.1 Notice provides little to no detail regarding the charges. Instead, the Notice simply listed a $400 fee for "Attorney Fees" and $500 in fees described as "Bankruptcy/Proof of claim fees." No further detail is provided regarding the fees. Once the Debtor filed a motion to determine fees, the burden shifted to Freedom to provide a justification and substantiate the charges. Nevertheless, in Freedom's Response to Debtor's Motion to Determine (Doc. 77), no further description was provided to justify the fees charged.

### III. CONCLUSION

For the reasons stated above, Lakeview's Notice of Mortgage Fees, Expenses, and Charges will be disallowed in its entirety as neither the underlying mortgage or applicable

12

nonbankruptcy law permit such charges. (Case 17-10197, Notice of Postpetition Mortgage Fees, Expenses, and Charges filed as a supplement to Claim 4-1). Furthermore, due to a failure to adequately describe the fees in its response to Debtor's motion to determine fees, Freedom's Notice of Mortgage Fees, Expenses, and Charges is disallowed, with leave to amend its response to Debtor's Motion for Determination of Fees, Expenses, or Charges within 14 days. (Case 16-12205, Notice of Postpetition Mortgage Fees, Expenses, and Charges filed as a supplement to Claim 10-1). The Court will enter an Order by way of a separate document.

Done this 30th day of March, 2018.

United States Bankruptcy Judge

c: Michael Brock, Attorney for Debtor
   Stephen Bulgarella, Attorney for Freedom Mortgage Corp.
   Sabrina L. McKinney, Trustee